## 11991

### HOME BANK & TRUST COMPANY v. DAVIS

#### (133 S. E., 467)

1 Bills and Notes—Against Holder Without Notice, Defense of Failure of Consideration Held Not Available to Subtenant in Action on Rent Note Given Tenant and Negotiated to Bank, Though Landlord Had Levied on All Crops for Nonpayment of Tenant's Rent (Civ. Code 1922, §§ 3679, 3707).—Where subtenant's rent note indorsed, "This note is given for rent (on particular land)," was indorsed by tenant to bank, and where landlord thereafter on tenant's nonpayment of rent levied on all crops including crop of subtenant, thereby causing a failure of consideration for subtenant's note, *held*, defense of failure of consideration was not available under Civ. Code 1922, § 3679, in action by bank which took without notice of any infirmity, within meaning of Section 3707.

2. Bills and Notes.—Statement in note of consideration therefor does not affect its negotiability.

Before Townsend, J., Clarendon, 1924.   Affirmed.

Action by the Home Bank & Trust Company against
Harry E. Davis.   Judgment for plaintiff, and defendant
appeals.

*Mr. J. J. Cantey,* for appellant, cites: *Lien of landlord
for rent not defeated by payment of rent to tenant by subtenant:* 73 S. C., 183; 20 S. C., 481.   *Bank not holder in
due course:* 119 S. C., 40; 86 S. C., 200; 62 S. C., 42; 28
S. C., 504.

*Mr. Charlton Durant* for respondent.

May 19, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action by the assignee of a negotiable promissory note, who claims to be a holder in due course. The defense is failure of consideration.

The facts are these: One C. B. Davis was the owner of a certain tract of land. He rented it to one C. M. Hilton. Hilton subrented 11 acres of it to the defendant, Harry E. Davis, for the year 1921, at a stipulated rental of $75.00, and on April 1, 1921, the defendant, subtenant, executed and delivered to C. M. Hilton a note for $75.00 payable to him or order, October 1, 1921, with interest from maturity at 8 per cent. and attorney's fees. The note upon its face declares, "This note is given for rent of 11 acres land, known as C. B. Davis, the current year," showing that the consideration was executory. On April 2, 1921, C. M. Hilton, the payee, assigned the note, along with other notes, to the plaintiff, Home Bank, as collateral security for a note of much larger amount, a loan advanced by the Bank to Hilton, which has not been paid. C. M. Hilton, the tenant of C. B. Davis, failed to pay his rent, and in the fall of 1921 C. B. Davis levied upon and sold the crops raised upon the entire place, including the crop of Harry E. Davis, the subtenant of Hilton, which was more than sufficient to pay the note of Davis to Hilton.

Under these circumstances, it is clear that there has been a failure of the consideration of the note, as between Hilton and Harry E. Davis; but the vital question is whether the Bank is concluded thereby. His Honor, Judge Townsend, at the close of the evidence, directed a verdict in favor of the Bank, upon its motion, and from the judgment entered thereon the defendant has appealed.

There is no evidence in the case of any notice to the Bank of an infirmity in the note, within the terms of Section 3707, 3 Code 1922 (Section 56 of the Negotiable Instruments Law). The note was based upon

a valuable consideration, the lease and occupation of the land; it was regular and complete upon its face in every respect. There was nothing to indicate or cause the Bank to suspect that the payee of the note would violate his part of the contract as he did. This violation constituted a failure in the consideration, and that matter is controlled by Section 3679:

"Absence or failure of consideration is a matter of defense, as against any person not a holder in due course," that is to say, it is not a defense as against such holder.

The case of *First National Bank v. Badham,* 86 S. C., 170; 68 S. E., 536; 138 Am. St. Rep., 1043, is clear to the point that the statement of the consideration of a note does not affect its negotiability. See, also, *Bank v. Breedin,* 119 S. C., 39; 111 S. E., 799. The case of *Carroll County Bank v. Strother,* 28 S. C., 504; 6 S. E., 313, cited by appellant, was one involving a nonnegotiable note.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.